UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

MARVIN HART,                                                     No. 24-cv-00511

                Plaintiff,

    -against-                                               **COMPLAINT**

CITY OF MIDDLETOWN, MARCELO                                      **JURY TRIAL**
CHASIPANTA, SCOTT M. GALLAGHER,                                  **DEMANDED**

             Defendants.
-------------------------------------------------------------x

By and through his counsel, Sussman & Goldman, as and for his Complaint against defendants CITY OF MIDDLETOWN, MARCELO CHASIPANTA, and SCOTT M. GALLAGHER, plaintiff MARVIN HART hereby alleges as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for false arrest, malicious prosecution, and defamation under 42 U.S.C. § 1983 and New York State law.

### PARTIES

2. Plaintiff MARVIN HART is a person of legal age, who resides in the County of Sullivan, State of New York, which is within this judicial district.

3. Defendant CITY OF MIDDLETOWN (the "City") is a municipal corporation, organized and existing pursuant to New York State law and, at all relevant times, operated a police department, known as the City of Middletown Police Department, which is an instrumentality of the defendant City.

1

4. Upon information and belief, defendant MARCELO CHASIPANTA is a person of legal age and, at all times relevant hereto, was employed as a police officer with and for the defendant City.

5. Upon information and belief, defendant SCOTT M. GALLAGHER is a person of legal age and, at all times relevant hereto, was employed as a police sergeant with and for the defendant City.

## JURISDICTION AND VENUE

6. As plaintiff asserts claims under 42 U.S.C. § 1983 asserting violations of his rights under the Fourth and Fourteenth Amendments to the United States Constitution, this Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983 and 1988.

7. As plaintiff's state law claims are so related to his federal claims that they form part of the same case or controversy as such federal claims, this Honorable Court has supplemental jurisdiction over such state law claims under 28 U.S.C. § 1367(a).

8. The events giving rise to the claims asserted herein occurred in the City of Middletown, County of Orange, State of New York, which is within this judicial district and, therefore, venue in the Southern District of New York is proper under 28 U.S.C. § 1391(b)(2).

## COMPLIANCE WITH CONDITIONS PRECEDENT

9. On February 3, 2023, plaintiff timely served upon the defendant City of Middletown a notice of claim with respect to his state law claims.

10. On May 30, 2023, plaintiff attended and testified at an examination conducted by the defendant City's counsel pursuant to Section 50-h of the New York General Municipal law.

11. More than thirty days have elapsed since plaintiff served his notice of claim, and the defendant City has failed or refused to adjust plaintiff's claims.

2

**FACTUAL ALLEGATIONS**

12. Plaintiff is a Corrections Officer ("CO") employed by the New York State Department of Corrections and Community Supervision ("DOCCS") and assigned to the Woodbourne Correctional Facility.

13. The evening of November 6, 2022, plaintiff sat asleep in his parked vehicle on North Street in the City of Middletown with the engine off.

14. He was not then operating his vehicle, did not attempt to operate his vehicle, and had no present intent to do so.

15. At about 10:00pm, after observing him parked for about an hour, City of Middletown police officers Chasipanta and Pafumi approached plaintiff's vehicle and awoke him.

16. Claiming he smelled the odor of alcohol, defendant Chasipanta directed plaintiff to exit his vehicle, performed standard field sobriety tests ("SFSTs") and, after doing so, arrested plaintiff for driving while intoxicated in violation of Section 1192(3) of the New York State Vehicle and Traffic Law ("VTL").

17. Upon arresting him, Chasipanta transported plaintiff to the City of Middletown police department, where he detained plaintiff in a holding cell pending his arraignment on charges of violations of Sections 1192(3) and 1194 of the VTL.

18. Since he lacked any good faith reason to believe that plaintiff was operating his vehicle or had any present intent to do so, defendant lacked probable cause to arrest and charge plaintiff with these offenses.

19. Upon information and belief, defendant Gallagher was Chasipanta's supervising officer and, in that capacity, upon information and belief, reviewed with Chasipanta the information

underlying his arrest of plaintiff and reviewed and authorized Chasipanta's initiation of criminal charges against plaintiff.

20. Upon information and belief, in performing this function, Gallagher came to learn that defendant Chasipanta lacked probable cause to arrest and prosecute plaintiff.

21. At some point during plaintiff's detention at the Middletown police station, defendant Chasipanta completed a suicide screening of plaintiff in which he falsely claimed that plaintiff responded "yes" when asked if he was thinking about killing himself.

22. Defendant Gallagher also falsely reported that plaintiff (1) responded "yes" when he made this same inquiry of plaintiff; (2) "stated that he was feeling suicidal"; and (3) stated that he "wasn't' sure" if he was "going to hurt himself if . . . placed into a cell."

23. On November 7, 2022, plaintiff was brought before the City of Middletown Court, arraigned, and released.

24. That same date, after returning home, an individual from DOCCS contacted plaintiff and directed him to contact Woodbourne Correctional Facility.

25. In compliance with that directive, also on November 7, 2022, plaintiff went to the facility and met with the Superintendent.

26. The Superintendent advised plaintiff that his arrest had come to DOCCS' attention, as did the [false] allegation that plaintiff had admitted to being suicidal while detained by the City of Middletown police.

27. Upon information belief, defendant Chasipanta, defendant Gallagher, or some other member or members of the City of Middletown police department, or some combination thereof, contacted DOCCS and relayed Chasipanta's and Gallagher's false reports that plaintiff had admitted to being suicidal while detained.

4

28. As a result of defendants' false statements that plaintiff admitting to being suicidal, DOCCS placed him on administrative leave and did not permit him to return until he was psychologically cleared by two doctors.

29. Also because of defendants' false statements, DOCCS required plaintiff to surrender his lawfully owned firearms and placed him on firearms restriction, thereby prohibiting him from performing certain functions and working certain posts/shifts he had previously and routinely worked and which had, by then, constituted a significant source of overtime hours for plaintiff, and, in this way, he was deprived the opportunity to earn significant overtime pay for the duration of his firearms restriction.

30. Plaintiff remained out of work for over a month until cleared to return by DOCCS' doctors, during which time he had to exhaust his accrued leave time to receive his pay.

31. On or about November 10, 2022, defendant Chasipanta petitioned the Supreme Court of the State of New York, County of Orange for a Temporary Extreme Risk Protection Order ("ERPO") pursuant to Article 63-A of the New York Civil Practice Law and Rules ("CPLR") and, in doing so, repeated to the Court his false claims that plaintiff responded "yes" when asked if he was thinking about killing himself and that plaintiff stated that "if he was placed in a cell, he was unsure of what he would do to himself."

32. Based upon defendant Chasipanta's representations, the Cout granted an *ex parte* temporary ERPO on November 10, 2022 and scheduled a hearing on the application for November 15, 2022.

33. At the ERPO hearing on November 15, 2022, defendant Chasipanta testified that, when he observed and approached plaintiff's car, plaintiff was sleeping and the engine was not running.

34. Soon after Chasipanta so testified, the Court halted the proceeding and called counsel to a sidebar.

35. When the matter went back on the record, based upon the "legal issues" discussed at sidebar, through counsel, the Orange County District Attorneys' Office, Chasipanta withdrew his petition for a final ERPO and the Court vacated the temporary ERPO.

36. On December 5, 2022, the pending criminal charges against plaintiff were resolved in his favor with reduction of same to the non-moving violation of VTL § 1201(a) ("parking on the pavement"), plaintiff's plea to that parking violation, and the closing and sealing of the case pursuant to Section 160.55 of the New York Criminal Procedure Law ("CPL").

37. Upon information and belief, when defendants initiated plaintiff's criminal prosecution and falsely communicated to DOCCS that plaintiff had admitted to being suicidal, they knew plaintiff was employed as a CO and that their actions would likely have an adverse impact on plaintiff's employment, yet they proceeded anyway despite this knowledge.

**CLAIMS FOR RELIEF**

**COUNT I**
**FALSE ARREST**
**42 U.S.C. § 1983; U.S. Const., amends IV and XIV**
**(Against defendants Chasipanta and Gallagher)**

38. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "37" above.

39. 42 U.S.C. § 1983 makes it unlawful for any person acting under color of state law to deprive or cause to be deprived any person of, *inter alia*, any federal constitutional right or privilege.

6

40. The Fourth Amendment to the U.S. Constitution, as made applicable to the states under the Due Process Clause of the Fourteenth Amendment, prohibits unreasonable seizures, including, arrests and detentions effected without consent or probable cause.

41. By arresting and detaining plaintiff without his consent or probable cause to believe he had committed an arrestable offense, and by reviewing and approving of such arrest, defendant's Chasipanta and Gallagher violated plaintiff's Fourth and Fourteenth Amendment rights.

42. As a result, plaintiff was caused to suffer pecuniary damages, including without limitation, legal fees and lost wages and employment opportunities.

43. As a result, plaintiff was caused to suffer non-pecuniary damages, including loss of liberty, reputational injury, embarrassment, stigmatization and emotional distress.

## COUNT II
### FALSE ARREST/FALE IMPRISONMENT
### Under New York State Law
### (Against all Defendants)

44. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "37" above.

45. The common law of the State of New York prohibits unconsented arrests and detentions effected without probable cause.

46. By arresting and detaining plaintiff without his consent or probable cause to believe he had committed an arrestable offense, and by reviewing and approving of such arrest, defendant's Chasipanta and Gallagher falsely arrested/imprisoned plaintiff.

47. As defendants Chasipanta and Gallagher acted within in the scope of their employment for the City of Middletown Police Department, the defendant City is vicariously liable for their actions under the doctrine of *respondent superior*.

7

48. As a result, plaintiff was caused to suffer pecuniary damages, including without limitation, legal fees and lost wages and employment opportunities.

49. As a result, plaintiff was caused to suffer non-pecuniary damages, including loss of liberty, reputational injury, embarrassment, stigmatization and emotional distress.

## COUNT III
## MALICIOUS PROSECUTION
### 42 U.S.C. § 1983; U.S. Const., amends IV and XIV
### (Against defendants Chasipanta and Gallagher)

50. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "37" above.

51. 42 U.S.C. § 1983 makes it unlawful for any person acting under color of state law to deprive or cause to be deprived any person of, *inter alia*, any federal constitutional right or privilege.

52. The Fourth Amendment to the U.S. Constitution, as made applicable to the states under the Due Process Clause of the Fourteenth Amendment, prohibits unreasonable seizures, including, without limitation, the initiation or continuation of criminal prosecutions and certain civil proceedings with malice and without probable cause where such proceedings terminate in the defendant/respondent's favor.

53. By charging plaintiff with violations of Sections 1192(3) and 1194, and reviewing and approving of such charges, without probable cause to believe he was guilty of these offenses and thereby detaining plaintiff upon such charges, and subjecting him to the authority of the Court through the completion of the criminal matter, defendants Chasipanta Gallagher maliciously prosecuted plaintiff in violation of plaintiff's Fourth and Fourteenth Amendment rights.

54. By commencing an ERPO proceeding against plaintiff based upon his own false allegations, and those reported by defendant Gallagher, that plaintiff admitted to being suicidal,

8

defendants Chasipanta and Gallagher maliciously prosecuted plaintiff in violation of his Fourth and Fourteenth Amendment rights.

55. As a result, plaintiff was caused to suffer pecuniary damages, including without limitation, legal fees and lost wages and employment opportunities.

56. As a result, plaintiff was caused to suffer non-pecuniary damages, including loss of liberty, reputational injury, embarrassment, stigmatization and emotional distress.

## COUNT IV
## MALICIOUS PROSECUTION
### Under New York State Law
### (Against all Defendants)

57. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "37" above.

58. The common law of the State of New York prohibits the initiation or continuation of criminal prosecutions and civil proceedings with malice and without probable cause where such proceedings terminate in the defendant/respondent's favor.

59. By charging plaintiff with violations of Sections 1192(3) and 1194 without probable cause to believe he was guilty of these offenses and thereby detaining plaintiff upon such charges, and subjecting him to the authority of the Court through the completion of the criminal matter, defendant Chasipanta maliciously prosecuted plaintiff in violation of New York State Law.

60. By commencing an ERPO proceeding against plaintiff based upon his own false allegations, and those reported by defendant Gallagher, that plaintiff admitted to being suicidal, defendants Chasipanta and Gallagher maliciously prosecuted plaintiff in violation of New York State Law.

9

61. As defendants Chasipanta and Gallagher acted in the scope of their employment for the City of Middletown Police Department, the defendant City is vicariously liable for their actions under the doctrine of *respondent superior*.

62. As a result, plaintiff was caused to suffer pecuniary damages, including without limitation, legal fees and lost wages and employment opportunities.

63. As a result, plaintiff was caused to suffer non-pecuniary damages, including loss of liberty, reputational injury, embarrassment, stigmatization and emotional distress.

## COUNT V
**Defamation**
**Under New York State Law**
**(Against all Defendants)**

64. Plaintiff hereby re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs "1" through "37" above.

65. By falsely claiming and reporting to DOCCS that plaintiff admitted to being suicidal, defendants Chasipanta and Gallagher defamed plaintiff in manner that adversely impacted his ability to lawfully possess firearms as well as his employment relationship.

66. As defendants Chasipanta and Gallagher acted in the scope of their employment for the City of Middletown Police Department, the defendant City is vicariously liable for their actions under the doctrine of *respondent superior*.

67. As a result, plaintiff was caused to suffer pecuniary damages, including without limitation, legal fees and lost wages and employment opportunities.

68. As a result, plaintiff was caused to suffer non-pecuniary damages, including loss of liberty, reputational injury, embarrassment, stigmatization and emotional distress.

## JURY DEMAND

69. Plaintiff hereby demands a jury trial in this action.

10

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

A. Accept jurisdiction over this action and all parties;

B. Empanel a jury to hear all claims triable thereto;

C. Adjudge and declare that defendants, and each of them, have violated Plaintiff's rights;

D. Award to Plaintiff compensatory damages with pre- and post-judgment interest;

E. Award to Plaintiff punitive damages as permitted by law;

F. Award to Plaintiff the reasonably incurred attorneys' fees and litigation costs associated with the prosecution of this matter; and

G. Award such additional relief as the Court deems just, proper and equitable under the circumstances.

Dated: Goshen, New York
      January 24, 2024

SUSSMAN & GOLDMAN
*Attorneys for Plaintiff*

By: _____
    Jonathan R. Goldman, Esq. (JR8710)
    1 Railroad Avenue, Suite 3
    P.O. Box 1005
    Goshen, New York 10924
    (845) 294-3991 [Tel.]
    (845) 294-1623 [Fax]
    jgoldman@sussman.law

11